# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3501

_____

Herman Hampton

*Plaintiff - Appellant*

v.

Standard Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 15, 2020
Filed: August 7, 2020
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Herman Hampton appeals following the district court's[1] adverse grant of summary judgment in his pro se action. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Following de novo review, this court finds no basis for reversal. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (standard of review). Hampton's claim to recover benefits due him under the Employee Retirement Income Security Act (ERISA) failed because the plan under which he sought long-term disability benefits was a governmental plan not subject to ERISA. *See* 29 U.S.C. §§ 1002(32) (governmental plan means plan established or maintained for its employees by state government or instrumentality thereof), 1003(b)(1) (ERISA provisions do not apply to governmental plans); *Sanzone v. Mercy Health*, 954 F.3d 1031, 1040, 1046 (8th Cir. 2020) (whether plan is ERISA plan is element of plaintiff's case, and plaintiff failed to state ERISA claim where plan was exempt).

Hampton's breach-of-contract claim failed because the defendant acted in accordance with the contract in denying the claim for benefits after Hampton elected a refund of his plan contributions that ended his plan participation. *See Al-Khaldiya Elecs. & Elec. Equip. Co. v. Boeing Co.*, 571 F.3d 754, 758-59 (8th Cir. 2009) (under Missouri law, there is no breach of implied covenant of good faith and fair dealing where contract expressly allows challenged actions); *Dorsch v. Family Med., Inc.*, 159 S.W.3d 424, 437 (Mo. Ct. App. 2005) (plaintiff failed to state breach of contract claim where he essentially claimed that defendant breached contract by expressly following it). Hampton could not avoid the consequences of electing the refund, even if he did not fully understand the legal ramifications of doing so. *See Grossman v. Thoroughbred Ford, Inc.*, 297 S.W.3d 918, 922 (Mo. Ct. App. 2009) (Missouri law presumes that party had knowledge of contract he signed, and those who sign contract may not avoid consequences of agreement on basis that they did not know what they were signing). The district court did not abuse its discretion in denying Hampton's post-judgment motion. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 626 n.6 (8th Cir. 2019).

The judgment is affirmed.

_____